IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

MARISSA MILLER, A Minor, By )
and Through Her Mother and )
Next Friend, MIRANDA MILLER, )
    )
    Plaintiffs, )
    )
v. )
    ) No. 03-2701 Ml/V
JOHN DACUS, M.D., )
    )
    Defendant. )
    )

## ORDER DENYING PLAINTIFF'S MOTION FOR A NEW TRIAL

Before the Court is Plaintiff's Motion for a New Trial and Memorandum in Support, filed April 21, 2005. Defendant responded in opposition on May 2, 2005. For the following reasons, Plaintiff's motion is DENIED.

Federal Rule of Civil Procedure 59 allows a party to move for a new trial "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States ...." Fed. R. Civ. P. 59. The authority to grant a new trial under Rule 59 rests within the discretion of the trial court. Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980); Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251 (1940).

Additionally, Federal Rule of Civil Procedure 61 provides:

> No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

Fed. R. Civ. P. 61.  Further, "[e]ven if a mistake has been made regarding the admission or exclusion of evidence, a new trial will not be granted unless the evidence would have caused a different outcome at trial." Morales v. American Honda Motor Co., Inc., 151 F.3d 500, 514 (6th Cir. 1998)(citations omitted).

Plaintiff contends that a new trial is warranted because the Court purportedly committed thirteen separate instances of reversible error during the trial.  Having reviewed the entire record and the parties' submissions, the Court finds that none of the alleged errors pointed to by Plaintiff were inconsistent with substantial justice or affected the substantial rights of the parties.  Moreover, the Court finds that, had it come to the opposite conclusion regarding the allegedly erroneous admission or exclusion of evidence pointed to by Plaintiff, the admission or exclusion of that evidence would not have caused a different outcome at trial.  Accordingly, Plaintiff's motion for a new trial is DENIED.

SO ORDERED this 5 day of May, 2005.

_____
JON P. McCALLA
UNITED STATES DISTRICT JUDGE

3

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 311 in case 2:03-CV-02701 was distributed by fax, mail, or direct printing on May 6, 2005 to the parties listed.

---

Timothy R. Holton
DEAL COOPER & HOLTON PLLC
296 Washington Avenue
Memphis, TN 38103

C. J. Gideon
GIDEON & WISEMAN
200 Fourth Ave., N.
1100 Noel Place
Nashville, TN 37219

Dixie W. Cooper
GIDEON & WISEMAN
200 Fourth Ave., N.
1100 Noel Place
Nashville, TN 37219

William B. Raiford
MERKEL & COCKE
P.O. Box 1388
Clarksdale, MS 38614

Honorable Jon McCalla
US DISTRICT COURT