FILED BY _____ D.C.

05 MAY 24 PM 12:10

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| MARISSA MILLER, A Minor By and Through Her Mother, And Next Friend, MIRANDA MILLER | ) ) ) ) | |
| Plaintiffs, | ) | Case No. 03-2701 Ml V |
| vs. | ) ) ) | |
| JOHN DACUS, M.D. | ) ) | |
| Defendant | ) | |

ORDER ON TAXATION OF COSTS

Taxation of costs is governed by 28 U.S.C. § 1920, and the costs taxable under this section "shall be allowed as of course to the prevailing party unless the court otherwise directs" or unless a statute or rule otherwise provides. Fed.R.Civ.P 54(d)(1). John Dacus, M.D., Defendant, was the prevailing party in this cause. As such, Defendant did on May 11, 2005 file a cost bill totaling $31,454.47 for process services fees, court reporter fees and the cost of deposition transcriptions, witness fees and printing and copy costs.

Notice was given to permit these parties opportunity to be heard at a taxation hearing scheduled in Memphis, TN, on Friday, May 20, 2005 at 9:30 a.m. regarding the assessment of costs pursuant to Local Rule 54.1(b).

As a result of Defendant's claim and based on matters reflected in the file, costs are taxed against Plaintiffs and in favor of Defendant as follows:

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 5-25-05

318

|                      | CLAIM       | AWARD       |
|----------------------|-------------|-------------|
| Process service fees | $   520.00  | $   180.00  |
| Deposition costs     | $14,820.22  | $13,085.70  |
| Witness fees         | $10,900.83  | $10,900.83  |
| Copy/printing costs  | $ 5,213.42  | $ 2,202.08  |
| **TOTAL**            | **$31,454.47** | **$26,368.61** |

Fees for Service of Summons and Subpoena:

Pursuant to 28 U.S.C. §1921, the prevailing party is entitled to recover the sum paid to a private process server to serve subpoenas, as long as the amount charged does not exceed that which would be charged by the United States Marshal. Arrambide v. Wal-Mart Stores, Inc., 33 Fed.Appx. 199, No. 00-6272, 2002 WL 531137, **(6th Cir. April 4, 2002). Under 1921(b), the Attorney General is permitted to prescribe by regulation the fees which will be charged by the Marshal's Service to serve subpoenas and other process. Those regulations currently provide the United States Marshal Service charges $45.00 per hour to serve subpoenas. See 28 C.F.R. §0.114.

However, the Clerk's ability to assess costs is wholly dependent on discernable documentation to support this claim. In this instance, it is unclear from the documentation provided how defendant arrived at the cost claimed. The Clerk will rely on the standard fee employed by the United States Marshal for serving process. Because the record does not provide, with any specificity, the computable mileage traveled in serving or endeavoring to serve in behalf of the Defendant, it is impossible

2

to award mileage costs. This deficiency in the record requires that the amount awarded be restricted to a sum supportable by the record.

Deposition fees:

Title 28, Sections 1920(2) and (4) declare that the cost of taking and transcribing depositions and transcripts, and the cost of purchasing copies of depositions may be taxed if the depositions were "necessarily obtained for use in the case." Thus, if the depositions are "reasonably necessary to the prosecution of the action," and not "merely useful for discovery," the costs are appropriately taxed. Ramos v. Lamm, 713 F.2d 546, 560 (10th Cir. 1983); Sales v. Marshall, 873 F.2d 115, 120 (6thCir. 1989); Independent Iron Works, Inc. v. U.S. Steel Corp., C.A. Cal. 1963, 322 F.2d 656, certiorari denied 84 S. Ct. 267, 375 U.S. 922.

A deposition does not have to be used as evidence to be taxed as an expense. "When a deposition is not actually used at trial or as evidence on some successful preliminary motion, whether its cost may be taxed generally is determined by deciding if the deposition reasonably seemed necessary at the time it was taken." 10 Charles Allen Wright et al, Federal Practice and Procedure: Civil 2d §2676, at 341(2d ed. 1983); see also Sales, 873 F.2D at 120 ("Necessity is determined as of the time of taking, and the fact that a deposition is not actually used at trial is not controlling."), and Shanklin v. Norfolk Southern

Railway Co., No. 94-1212 (W.D. Tenn. Sept. 9, 1996) relying on Hudson v. Nabisco Brands, Inc., 758 F.2d 1237, 1243 (7th Cir. 1985); In re Air Crash Disaster, 687 F.2d 626, 631 (2d Cir. 1982).

The determination of necessity must be made in light of the facts known at the time of the deposition, without regard to intervening developments that later render the deposition unneeded for further use. See Wright et al., supra, §2676, at 341-44; Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 363 (8th Cir. 1997).

In support of this tax claim, Defendant's bill includes copies of the court reporters' invoices detailing reporter fees and deposition transcript charges incurred. The record also reflects Defendant procured videographic depositions. Costs associated with videotaping or transcribing a deposition may be taxed. *Barber v. Ruth*, 7 Rd3d 636, 645 (7th Cir.1993). Section 1920 permits taxing as costs of the "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. §1920(2) Although this provision makes no specific mention of video depositions, Federal Rule of Civil Procedures 30(b)(2), provides the party taking a deposition the choice of alternative means for recording testimony, which, "unless the court orders otherwise," may include "by sound, sound-and-visual, or stenographic means."

4

Since Federal Rule of Civil Procedure 32(c) compels a party to provide a transcript and a videotape if a videotape deposition is to be used, Defendant is not required to show an independent use for each. Thus, both the cost of a transcript and a videotape may be taxed, and Defendants may recover the cost of videotaping the depositions. Defendant is disallowed, however, the additional costs of digitizing and synchronizing the video depositions.

Defendant's deposition claim is allowed, save for the administrative costs (digitization, condensed transcripts, shipping, postage and handling) charges which are classified as a business cost, borne for convenience of counsel, and are therefore not taxable. The administrative costs have been culled from the award.

<u>Witness fees:</u>

Except as otherwise provided by law, a witness in attendance at any court of the United States, or before any person authorized to take his deposition, shall be paid the fees and allowances provided by 28 U.S.C. § 1821. Moreover, witness fees are properly includable as costs of trial, pursuant to 28 U.S.C. § 1920(3), as they "compensate witnesses for their availability and readiness to testify rather than for actual testimony." <u>American Nat'l Bank and Trust Co. of Chicago</u>, 38 F.3d 1429, 1442 (7th Cir.1994) (citing Spanish Action Comm. of Chicago v. City of

Chicago, 811 F.2d 1129, 1138 (7th Cir.1987)). The Federal Rules prescribe a witness attendance fee as $40 per day and require witnesses who travel to do so at the most economical rate reasonably available. 28 U.S.C. § 1821(c)(1) specifically provides that "a witness who travels by common carrier shall be paid for the actual expenses of travel on the basis of the means of transportation reasonably utilized and the distance necessarily traveled to and from the place of attendance."

Defendant seeks to tax the travel costs of witnesses, several of whom traveled by airplane. The expenses of travel by airplane are taxable. See Trepel v. Roadway Express, Inc., 266 F.3d 418, 425-426 (6th Cir. 2001). Witnesses who traveled by privately owned vehicle are entitled to mileage at the current rate of 40.5 cents per mile. Incidental expenses, such as for parking fees, toll roads, etc., are also taxable, as they are included as part of "the actual expenses of travel."

As the record adequately supports the witness fees and travel costs incurred by Defendant, these costs are taxable in total.

Copy fees:

Where records or papers are copied by counsel for prevailing party in preparation for trial, their costs may be recovered, pursuant to 28 U.S.C. § 1920(4), which provides that fees for exemplification and copies of papers necessarily obtained for use

in case, may be taxed as costs. <u>Meadows v. Ford Motor Co.</u> (1973, WD Ky) 62 FRD 98, 5 BNA FEP Cas 665, on remand (WD Ky) 11 BNA FEP Cas 1047 and cert den 425 US 998, 48 L. Ed 2d 823, 96 S Ct 2215, 12 BNA FEP Cas 1335.

Taxable copy costs permitted under 28 U.S.C. § 1920 contemplate copies reasonably necessarily for use in the case, but not for the convenience of attorneys. <u>Independence Tube Corp. v. Copperweld Corp.</u>, D.C.Ill.1982, 543 F.Supp. 706.

Defendant seeks to tax $5,213.42 to recover the costs of printing records and reproduction necessary for the case. Defendant's reimbursement claim is granted insofar as the record details the material copied, such as it does with the duplication of X-rays, and the procurement of medical records. The bulk of the copy reimbursement is denied due to insufficiency of the record to demonstrate these costs as reasonably necessary to the case and not for the convenience of counsel or the routine costs of doing business. While the requested reimbursement ostensibly represents the costs of photocopies made during the course of litigation, the several summary invoices which categorize individual copy jobs as "Grade D Heavy Litigation" and "Grade A Straight Run," with associated copy fee totals, provide no information about what was copied or how these copies were used. Taxable copy costs permitted under 28 U.S.C. § 1920 contemplate copies reasonably necessarily for use in the case, but not for

7

the convenience of attorneys. <u>Independence Tube Corp. v. Copperweld Corp.</u>, D.C.Ill.1982, 543 F.Supp. 706. Because the copying of papers is largely undocumented in this cost bill, the claim for the copying of papers is reduced. See <u>Zapata Gulf Marine Corp. V. Puerto Rico Maritime Shipping Authority</u>, E. D. La. 1990, 133 F.R.D. 481.

**TOTAL AWARD     $26,368.61**

Pursuant to Fed.R.Civ.P. Rule 54(d), the taxation of costs by the Clerk may be reviewed by the court upon motion, served within 5 days of the docketing of this order.

ROBERT R. DI TROLIO, CLERK

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 318 in case 2:03-CV-02701 was distributed by fax, mail, or direct printing on May 25, 2005 to the parties listed.

---

Robert Di Trolio
CLERK, U.S. DISTRICT COURT
242 Federal Bldg.
167 North Main Street
Memphis, TN 38103

William B. Raiford
MERKEL & COCKE
P.O. Box 1388
Clarksdale, MS 38614

Timothy R. Holton
DEAL COOPER & HOLTON PLLC
296 Washington Avenue
Memphis, TN 38103

C. J. Gideon
GIDEON & WISEMAN
200 Fourth Ave., N.
1100 Noel Place
Nashville, TN 37219

Dixie W. Cooper
GIDEON & WISEMAN
200 Fourth Ave., N.
1100 Noel Place
Nashville, TN 37219

Honorable Jon McCalla
US DISTRICT COURT