```
IN THE UNITED STATES DISTRICT COURT
  FOR THE WESTERN DISTRICT OF TENNESSEE
            WESTERN DIVISION
```

FILED BY ule D.C.

05 JUL -7 PM 3:47

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | |
|---|---|
| MARISSA MILLER, A Minor, By and Through Her Mother and Next Friend, MIRANDA MILLER,<br><br>    Plaintiffs,<br><br>v.<br><br>JOHN DACUS, M.D.,<br><br>    Defendant. | No. 03-2701 M1/V |

## ORDER GRANTING PLAINTIFF'S MOTION TO APPEAL ORDER ASSESSING COSTS AND DENYING AWARD OF COSTS TO DEFENDANT JOHN DACUS, M.D.

Before the Court is Plaintiff's Motion to Appeal Order Assessing Costs, filed May 31, 2005. Defendant filed an opposition to Plaintiff's motion on June 21, 2005. For the following reasons, Plaintiff's motion is GRANTED and the order of the Clerk of Court assessing costs against Plaintiff is VACATED.

## I. BACKGROUND

The instant case was a medical malpractice action brought by Plaintiff Marissa Miller, by and through her mother and next friend Miranda Miller, against Defendant Dr. John Dacus. Plaintiff's claims arose from events that occurred during her birth and delivery between September 2 and September 4, 1993. A trial was held in this case beginning on April 1, 2005, and

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on  7-8-05



ending on April 8, 2005. On April 8, 2005, the Jury rendered a verdict in favor of Defendant on all of Plaintiff's claims.

On May 11, 2005, Defendant filed a bill of costs pursuant to Federal Rule of Civil Procedure 54(d)[1] and 28 U.S.C. § 1920[2] totaling $31,454.47 for process service fees, court reporter fees, the cost of deposition transcriptions, witness fees and printing and copy costs. Pursuant to Local Rule 54.1(b), the Clerk of Court gave notice of the request for costs to the parties and afforded the parties an opportunity to be heard at a May 20, 2005, taxation hearing regarding the assessment of costs.

---

[1] Rule 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs ...." Fed. R. Civ. P. 54(d)(1).

[2] 28 U.S.C. § 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920.

On May 24, 2005, the Clerk of Court issued an order taxing costs in the amount of $26,368.61 against Plaintiff. (Order on Taxation of Costs, May 24, 2005 (Docket No. 318).)

## II. ANALYSIS

Plaintiff appeals the Clerk's Order because she is indigent and therefore cannot afford to pay Defendant's costs, the case was close and difficult, and because Plaintiff brought her case in good faith. Plaintiff also contends that no costs should be assessed against her mother, Miranda Miller. Defendant maintains that the Clerk's award of costs was proper and that costs should either be assessed against Plaintiff or her mother.

Rule 54 provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs ...." Fed. R. Civ. P. 54(d)(1). Rule 54 raises "a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." McDonald v. Petree, 409 F.3d 724, 731 (6th Cir. 2005)(quoting White & White, Inc. v. Am. Hosp. Supply Corp., 786 F.2d 728, 730 (6th Cir. 1986)).

In White, the Sixth Circuit identified three categories of factors that district courts should consider in exercising their discretion to award costs pursuant to Rule 54. First, there is a category of factors for which the denial of costs is not an abuse of discretion - namely, when taxable expenditures by the

3

prevailing party are unreasonably large, when the prevailing party should be penalized for unnecessarily prolonging trial or injecting unmeritorious issues, when the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the other party, or when the case is "close and difficult." White, 786 F.2d at 730 (citations omitted). On the other hand, it is an abuse of discretion to consider certain factors in exercising a Court's discretion regarding an award of costs - in particular, the size of a successful litigants's recovery and the ability of the prevailing party to pay his or her own costs. Id. (citations omitted). Finally, certain factors may be considered by the Court but, in the absence of other relevant factors, do not warrant an exercise of the Court's discretion to deny costs pursuant to Rule 54(d)(1) - specifically, the good faith a losing party demonstrated in filing, prosecuting or defending an action and the propriety with which the losing party conducts the litigation. Id. (citations omitted). "[A]nother factor weighing in favor of denying costs is the indigency of the losing party." Singleton v. Smith, 241

4

F.3d 534, 539 (6th Cir. 2001)(citing <u>Jones v. Continental Corp.</u>, 789 F.2d 1225, 1233 (6th Cir. 1986)³).⁴

On the basis of the entire record and the parties' submissions, the Court exercises its discretion to deny an award of costs to Defendant because the instant case was both close and difficult and, importantly, because Plaintiff has proven that she is indigent and therefore unable to pay an award of costs. The Court also notes that Plaintiff has at all times conducted her litigation with propriety and in good faith.

## A. Closeness and Difficulty of the Case

"The closeness of a case is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case." <u>White</u>, 786 F.2d at 732-33. "A case may be characterized as difficult based upon the length of trial, the number of witnesses, and the amount of evidence submitted to the jury." <u>McHugh v. Olympia Entertainment, Inc.</u>, Nos. 00-1956, 00-

---

³ The <u>Jones</u> Court noted that the Seventh Circuit, in <u>Badillo v. Central Steel & Wire Co.</u>, 717 F.2d 1160, 1165 (7th Cir.1983), recognized that refusal to tax costs against an indigent plaintiff is a permissible exercise of discretion by the district court. <u>Jones</u>, 789 F.2d at 1233.

⁴ Although the Court in <u>White</u> did not indicate into which category indigency would fall, the Court finds that it is a factor that the Court may consider but that does not, without more, justify the denial of an award of costs.

5

2195, 00-2234, 37 Fed.Appx. 730, 743, 2002 WL 1065948, *12 (6th Cir. May 28, 2002)(citing White, 786 F.2d at 732).

Having reviewed the entire record, the Court finds that the instant case was both close and difficult. Plaintiff's claims of medical malpractice against the Defendant required counsel to research and analyze a period of labor that spanned several days and involved many different medical personnel, witnesses, and voluminous medical records and other documentation. The nature of the proceeding meant that both parties were required to consult with, prepare and examine numerous expert witnesses. Additionally, while the basic tenets of medical malpractice law in Tennessee are well settled, this case presented several issues – including, *inter alia*, the purported existence of a cause of action on behalf of a fetus for failure of informed consent and the necessity for and proper form of a qualified protective order regarding information requested by the Defendant – that required significant research, briefing and argument from the parties. The parties engaged in extensive motion practice regarding dispositive and non-dispositive issues, and many of the Court's rulings were met with motions to reconsider based upon the relative novelty or complexity of the issues involved.

Furthermore, Defendant's motion for a directed verdict at the close of evidence in the case was granted only as to one issue in the case, and Plaintiff's remaining claims were

6

submitted to the Jury for a verdict. Plaintiff's claims were supported by evidence in the record and a reasonable Juror could have found in her favor. The mere fact that the Jury returned a verdict for Defendant does not indicate that the case was not closely contested. Accordingly, on the basis of the Court's finding that this case was both close and difficult, the Court further finds that no award of costs to Defendant is justified.

### B. Plaintiff's Indigency

The Court's conclusion is further supported by the fact that the Court finds Plaintiff to be indigent and therefore unable to pay the costs taxed by the Clerk of Court. When a claim of indigency is made by a party, the Court must determine the party's capacity to pay the costs assessed. Sales v. Marshall, 873 F.2d 115, 120 (6th Cir. 1989). A party is indigent if the party "is incapable of paying the court-imposed costs at this time or in the future." Tuggles v. Leroy-Somer, Inc., 328 F.Supp.2d 840, 845 (W.D. Tenn. 2004)(citing McGill v. Faulkner, 18 F.3d 45, 459 (7th Cir. 1994)). "The size of the award and the circumstances in which it will ultimately be applied should be equitable factors in evaluating the effect of indigency." Singleton, 241 F.3d at 540 (citations omitted).

Plaintiff is a twelve year-old child with permanent brain damage resulting from a deprivation of oxygen during her birth. There exists ample evidence in the trial record to show that

7

Plaintiff is permanently disabled and that she will not be able to obtain any form of gainful employment during her lifetime. Her only income is approximately $500.00 in monthly Social Security benefits, (see Aff. of Miranda Miller, May 18, 2005 (Docket No. 317) ¶ 4.), which are exempt from execution, levy, garnishment, or other legal process. See 42 U.S.C. § 407(a). Plaintiff's only assets include her clothing, a wheelchair and a vocalizing machine that she uses to communicate. (See Miller Aff. ¶ 5.) The Court therefore finds that Plaintiff does not have the capacity to pay the costs assessed, either at this time or in the future.

Defendant contends that, in the alternative, costs should be taxed against Plaintiff's mother, Miranda Miller. However, Miranda Miller sued only in a representative capacity as the next friend of the Plaintiff. A minor is the real party in interest in a suit brought by a next friend. Helminski v. Ayerst Labs., 766 F.2d 208, 213 (6th Cir. 1985); see also Fed. R. Civ. P. 17. Miranda Miller has therefore not asserted any claim in this case. Accordingly, the Court declines to tax costs against Miranda Miller.

### C. Plaintiff's Good Faith

Moreover, the Court finds that Plaintiff demonstrated good faith in filing and prosecuting this case and that she conducted the litigation with propriety. As noted, the case was both close

8

and difficult, involving several years of discovery and substantial motion practice. Throughout this litigation, Plaintiff, through her counsel, zealously argued her position well within the bounds of ethics and good faith.

## IV. CONCLUSION

For the reasons stated, the Court finds that no costs should be taxed against Plaintiff. Accordingly, Plaintiff's motion to appeal the order of the Clerk of Court taxing costs is GRANTED and the Clerk's order taxing costs is VACATED.

SO ORDERED this __7__ day of July, 2005.

JON P. McCALLA
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 322 in case 2:03-CV-02701 was distributed by fax, mail, or direct printing on July 8, 2005 to the parties listed.

---

William B. Raiford
MERKEL & COCKE
P.O. Box 1388
Clarksdale, MS 38614

Timothy R. Holton
DEAL COOPER & HOLTON PLLC
296 Washington Avenue
Memphis, TN 38103

C. J. Gideon
GIDEON & WISEMAN
200 Fourth Ave., N.
1100 Noel Place
Nashville, TN 37219

Dixie W. Cooper
GIDEON & WISEMAN
200 Fourth Ave., N.
1100 Noel Place
Nashville, TN 37219

Honorable Jon McCalla
US DISTRICT COURT