IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**MARISSA MILLER, a minor by and
through her mother and next friend,
MIRANDA MILLER,**

                    **Plaintiff,**

**v.**                                                     **No. 2:03-cv-02701-JPM-cgc**

**JOHN DACUS, M.D.,**

                    **Defendant.**

## ORDER DENYING MOTION FOR SANCTIONS

Before the Court are Defendant John Dacus, M.D.'s Motions for Sanctions (D.E. #479, #480).[1] The motions request that the Court impose sanctions against Plaintiff's attorneys[2] in the form of attorneys' fees and costs due to Plaintiff's alleged noncompliance with pretrial procedures in violation of Rule 16(f) of the Federal Rules of Civil Procedure. Plaintiff responds that her counsel did not violate any pre-trial order of the court and that sanctions are not permitted under Rule 16(f). The instant motions were referred to United States Magistrate Judge Charmiane G. Claxton for determination. (D.E. #481). For the reasons set forth herein, Defendant's Motions for Sanctions are hereby DENIED.

---

[1] Docket Entry #480 appears to the Court to be a refiled version, with attachments, of Docket Entry #479. Therefore, the Court will address the two motions as one motion for sanctions.

[2] Defendant requests that the Court impose sanctions on Plaintiff's attorneys and not Plaintiff to avoid an unjust award of expenses, as Plaintiff is indigent and incapable of paying court-imposed costs. Def.'s Memo. in Support of Mot. for Sanctions at 10-12.

**I. Introduction**

This case arises from allegations of medical malpractice and lack of informed consent in relation to the labor and delivery of the birth of minor Marissa Miller. Before trial, the District Court granted Defendant's Motion for Summary Judgment on the issue of informed consent, finding that a claim of informed consent belongs to a mother, not a child, and that the statute of limitations had run as to any claim belonging to the mother. The case went to trial on the issue of medical malpractice in March 2005, which resulted in a jury verdict in favor of Defendant. Following an appeal to the United States Court of Appeals for the Sixth Circuit, which certified the issue of informed consent to the Tennessee Supreme Court, the case was remanded with instructions for the District Court to reconsider its grant of summary judgment on the issue of informed consent. On remand, the District Court vacated its grant of summary judgment and reset the matter for trial for May 18, 2009 on the issue of informed consent.

In preparation for the May, 2009 trial, the District Court issued a Setting Letter providing certain "Pretrial Procedures" for the parties. (D.E. #384). The parties filed a Joint Pretrial Order on April 30, 2009, in which Plaintiff designated that she intended to use testimony of her experts and Defendants' experts from prior depositions and from the previous March 2005 trial. Defendant objected under Rule 804 of the Federal Rules of Evidence that this testimony was hearsay that should only be permissible if the witnesses were deemed unavailable and that he did not have a similar motive and opportunity to cross-examine these witnesses in the previous trial. Defendant filed Motion in Limine #20 asserting these same grounds for exclusion of the March 2005 trial testimony. (D.E. #447). The District Court elected not to rule upon Defendant's Motion in Limine #20 in advance of trial.

On May 18, 2009, trial commenced as scheduled, and a jury was selected and Plaintiff and Defendant made opening statements. At the conclusion of the opening statements, Defendant notified the District Judge that its Motion in Limine #20 was pending, and at that time, the District Judge considered the motion and ruled that all of Plaintiff's designations from the first trial should be excluded because Defendant did not have a similar motive to cross-examine the witnesses. Among the designations excluded by the Court was the designation of Plaintiff's expert witness, Dr. Richard Stokes, who had given two depositions and had testified during the March 2005 trial.

Following the District Judge's ruling, Plaintiff's attorneys contacted Defendant on the evening of May 19, 2009 to notify him that they intended to call Dr. Stokes as a live witness at trial on May 21, 2009. Defendant moved to exclude Plaintiff from calling Dr. Stokes as a live witness because he had not been designated as a live witness in the Joint Pretrial Order. The District Court granted Defendant's motion and precluded Plaintiff from calling Dr. Stokes in person. Subsequently, Plaintiff requested a voluntary dismissal pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. Defendant did not object to this request, and the District Court granted the motion.

On June 11, 2009, Defendant filed the instant Motions for Sanctions. Defendant asserts that he and his counsel "spent many hours preparing for trial and incurred expenses associated with traveling to Memphis for trial and participating in the trial. In addition, Defendant retained seven (7) expert witnesses and agreed to pay lost income of two (2) treating physicians who agreed to testify at trial." Def.'s Memo. in Support of Mot. for Sanctions at 4. In total, Defendant asserts that he expended 477.6 hours of attorney time, $20,465.00 in expert fees, $1,500 in treating physician fees, and $10,527.35 in out-of-pocket expenses related to the May, 2009 trial. Id. at 4–6. Plaintiff

responds that she did not violate any pre-trial court order, and that an award of sanctions for the costs and fees incurred in association with the May, 2009 trial are not a proper award under the Federal Rules of Civil Procedure.

**II. Analysis**

Rule 16(f) of the Federal Rules of Civil Procedure provides the framework for determining if sanctions are appropriate in the instant case. If a party or its attorney fails to obey a pretrial order, "the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f).

In the instant case, the Court finds that Plaintiff did not violate any pretrial order of the Court. Thus, pursuant to the explicit dictates of Rule 16(f), sanctions are not required. Although the Court entered a Setting Letter providing the parties with instructions on "Pretrial Procedures," the Court finds that all parties attempted to comply with these procedures to the best of their abilities, including the filing of a Joint Pretrial Order. Plaintiff's attorneys set forth to the best of their knowledge the live witnesses, trial testimony, and deposition testimony she intended to use at trial, and Defendant objected to Plaintiff's designations and filed its Motion in Limine #20 setting forth his arguments why the Plaintiff's proof was not permissible under the Federal Rules of Evidence. The District Court elected to rule upon Motion in Limine #20 shortly after the May 19, 2009 trial commenced, and at that time, the parties had already incurred the majority of costs and expenses discussed in the instant motion. Following the District Court's exclusion of Dr. Stokes' prior trial testimony, Plaintiff requested to call Dr. Stokes as a live witness, but the District Court

denied that request for failure to disclose him as a live witness in the Joint Pretrial Order. Thus, as is her right, Plaintiff elected to request a voluntary dismissal pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, and Defendant did not object to this request. The Court finds that it was Plaintiff's compliance with the Court's orders regarding witness testimony, rather than any failure to comply, that led to Plaintiff's decision to seek a voluntary dismissal. Thus, even if this Court were to deem the Setting Letter a "pretrial order" under Rule 16(f), (although it is not titled as an order of the Court), the Court finds that the award of expenses would be unjust in the present case, as all parties attempted to the best of their abilities to abide by the Court's Pretrial Procedures set forth in the Setting Letter. Accordingly, Defendant's Motions for Sanctions are hereby DENIED.

### III.  Conclusion

For the reasons set forth herein, Defendant's Motions for Sanctions (D.E. #479, #480) are hereby DENIED.

**IT IS SO ORDERED** this 28th day of October, 2009.

> s/ Charmiane G. Claxton
> CHARMIANE G. CLAXTON
> UNITED STATES MAGISTRATE JUDGE